**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JETMAX LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>BIG LOTS, INC., ADVANCE INTERNATIONAL, INC., and HERBERT FEINBERG,<br><br>Defendants. | : | Civil Action No.:<br><br>**COMPLAINT**<br><br>**Jury Demand** |

Plaintiff Jetmax Limited ("Plaintiff" or "Jetmax"), by and through its undersigned counsel, for its Complaint against Defendants Big Lots, Inc., Advance International, Inc., and Herbert Feinberg (collectively and individually, "Defendants"), hereby alleges as follows:

**STATEMENT OF THE CASE**

1. This is an action for damages and injunctive relief arising from Defendants' willful infringement of the registered copyright for garden patio lights held by Plaintiff.

**PARTIES**

2. Plaintiff Jetmax is a corporation organized and existing under the laws of Hong Kong with offices located at 17/F, Tower 1, Grand Central Plaza, 138 Shatin Rural Committee Road, Shatin, N.T., Hong Kong.

3. Upon information and belief, Defendant Big Lots, Inc. ("Big Lots") is a corporation organized and existing under the laws of the State of Ohio, having an office and principal place of business at 300 Phillipi Road, Columbus, Ohio 43228, and numerous stores in this judicial district.

4. Upon information and belief, Defendant Advance International, Inc. (“Advance”) is a corporation organized and existing under the laws of the State of New York, having an office and principal place of business at 505 8th Ave., Suite 900, New York, New York 10018.

5. Upon information and belief, Defendant Herbert Feinberg (“Mr. Feinberg”) is an individual who has a principal place of business at 505 8th Ave., Suite 900, New York, New York 10018.

6. Upon information and belief, Mr. Feinberg is the President of Advance; is the conscious, active, and dominant force behind Advance; and Mr. Feinberg orchestrated the wrongful acts complained of herein.

**JURISDICTION AND VENUE**

7. Based on the foregoing, personal jurisdiction may be exercised over Defendants pursuant to CPLR § 302(a)(1) as Defendants have, in person or through an agent, contracted anywhere to supply goods or services in New York State, and the cause of action arises from such acts.

8. Moreover, personal jurisdiction may be exercised over Defendants as Defendants have committed a tortious act within New York State, within the meaning of CPLR § 302(a)(2), since the Infringing Product, as hereinafter defined, has been offered for sale and sold in this State.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

10. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(a).

**FACTS**

11. Jetmax is engaged in the business of designing, manufacturing, and selling a wide variety of original and distinctive seasonal, garden, home décor, lighting, gift, and furniture

products. Jetmax has earned a well-deserved and enviable reputation in the trade for providing unique and original products of high quality. Jetmax sells its products within this judicial district, throughout the United States of America, and throughout the world.

12. Many of the products created by Jetmax are proprietary and are protected under the intellectual property laws of the United States and elsewhere throughout the world.

13. Among the proprietary products created by Jetmax is the original Metal Wire Wrapped Tear Drop Light Set (the "Tear Drop Light Set"). A photocopy showing a representation of Jetmax's Tear Drop Light Set is attached as Exhibit A.

14. The Tear Drop Light Set was designed in 2004 by an employee of Jetmax in the scope of their employment as work for hire. Said design contains material which is wholly original and is copyrightable subject matter under the laws of the United States.

15. The Tear Drop Light Set is the subject of U.S. Copyright Registration No. VAu 978-587 (the "'587 Copyright Registration"), which is effective as of July 17, 2008 and is valid and subsisting. A copy of the '587 Copyright Registration and the deposit copy of the Registration are attached collectively as Exhibit B.

16. Jetmax is, and for all times relevant hereto has been, the sole proprietor of all right, title, and interest in and to the copyright in the Tear Drop Light Set and the '587 Copyright Registration.

17. Jetmax has manufactured and offered for sale or sold the Tear Drop Light Set since at least as early as September 2005. Since that time, Jetmax has sold substantial quantities of the Tear Drop Light Set to retailer customers throughout the United States.

<u>Infringing Activities</u>

18. Long after Jetmax's creation and sale of the Tear Drop Light Set, Jetmax representatives found substantially similar copies of the Tear Drop Light Set (the "Infringing

Product") at various Big Lots stores, including within this judicial district. A photocopy showing a photograph of Big Lots' Infringing Product is attached as Exhibit C.

19. On June 10, 2015, after learning of the wrongful activities of Big Lots, Jetmax sent a copyright notice letter to Big Lots. The letter demanded that the Infringing Product be withdrawn from sale. A copy of the letter is attached as Exhibit D.

20. Although several correspondences seeking to resolve the dispute on an agreed upon basis were subsequently exchanged with Big Lots, a resolution of Jetmax's claim has not been reached.

21. Big Lots informed Jetmax that it has contractual and common law indemnity from Advance, the supplier of the Infringing Product.

22. Mr. Feinberg, the President of Advance, acting as the conscious, active, and dominant force behind Advance, contacted Jetmax by email to warn that Jetmax should "be prepared for a hard fight which is surely going to cost you more than you could ever gain" should it pursue its claim. Further, he threatened that "we will fight like tigers . . . we have the money to do so." Such conduct demonstrates a flagrant disregard of the copyright rights of Jetmax merely because Advance believes it is able to spend more money than Jetmax to litigate this claim. A copy of the e-mail is attached as Exhibit E.

**COUNT I - COPYRIGHT INFRINGEMENT**

23. Jetmax repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

24. This claim arises under the copyright laws of the United States, 17 U.S.C. §101 et seq.

25. Based on the substantial similarity of the Infringing Product to the Tear Drop Light Set, it is apparent that Defendants copied the Tear Drop Light Set.

26. The copying, importing, offering for sale, and selling of the Infringing Product by Defendants was and is without the permission, license, or consent of Jetmax.

27. Defendants' acts alleged herein constitute violations of the exclusive rights of Jetmax under 17 U.S.C. §§ 106, 113, and 602, and constitute infringement under 17 U.S.C. § 501.

28. Upon information and belief, Defendants knew or should have known that the design was proprietary and therefore its infringement was knowing and willful.

29. To the extent Defendants' infringement was not knowing and willful, Defendants continued infringement of Jetmax's copyright after receipt of the notice letter (*see* Exhibit D) demonstrates that the infringement was not innocent and was in fact knowing and willful.

30. Threatening statements by Mr. Feinberg further demonstrate the willfulness of Defendants' conduct.

31. Jetmax has suffered and will continue to suffer damage to its business, including loss of its reputation for exclusivity for goods which includes its Tear Drop Light Set, loss of its reputation for unique and original products of high quality, and loss of sales.

32. Defendants' continuing acts of copyright infringement are damaging to Jetmax in a manner for which Jetmax has no adequate remedy at law and Jetmax is suffering irreparable harm as a result of the acts of Defendants.

WHEREFORE, Plaintiff Jetmax requests judgment against Defendants as follows:

A. Defendants and their officers, agents, servants, employees and attorneys and all those in active concert and participation with them shall be preliminarily and permanently enjoined from:

i. manufacturing, reproducing, displaying, publishing, vending, distributing, selling, promoting, importing, and/or advertising, assisting, inducing, or

contributing to the manufacturing, reproducing, displaying, publishing, vending, distributing, selling, promoting, and/or advertising any product that is substantially similar to the Tear Drop Light Set, including without limitation the Infringing Product; and

ii. otherwise infringing the copyright in the Tear Drop Light Set, including but not limited to the copyright represented by the '587 Copyright Registration.

B. During the pendency of this lawsuit, Defendants shall be required to deliver to Jetmax for storage or destruction all copies of the Infringing Product.

C. Defendants shall be required to pay to Jetmax such actual damages as Jetmax sustained in consequence of the infringement by Defendants of the copyright in the Tear Drop Light Set and to account to Jetmax for any additional profits of the infringement, or to pay to Jetmax statutory damages pursuant to 17 U.S.C. § 504, which shall be enhanced in view of the willful nature of the infringement.

D. That Jetmax have a recovery from Defendants of the costs of this action and Jetmax's reasonable counsel fees pursuant to 17 U.S.C. § 505.

E. Jetmax be granted such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Jetmax hereby demands trial by jury on all claims triable by right of jury in this action.

Dated: New York, New York
December 8, 2015

By: ______________________

Neil M. Zipkin
Reena Jain
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Tel.: (212) 336-8000
Fax: (212) 336-8001
nzipkin@arelaw.com

*Attorney for Plaintiff Jetmax Limited*